UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Ronald L. Phillips, | Case No. 23-cv-2618 (WMW/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| Hennepin County and The City of St. Louis Park, | |
| Defendants. | |

---

Before the Court are Defendants Hennepin County and the City of St. Louis Park's (collectively, "Defendants") motions to dismiss. (Dkts. 10, 15.) For the reasons addressed below, the Court grants the motions.

## BACKGROUND

In this lawsuit against Defendants Hennepin County and the City of St. Louis Park, Plaintiff Ronald L. Phillips alleges violations of the Americans with Disabilities Act ("ADA") and a claim for "loss of public stature." (Dkt. 1 at 4.) Phillips' complaint alleges, "I have a letter dated 14 March 2023 that claim's Tony/other did not state Merry Christmas/Happy Hannaka after I stated 'I am a Jew' from the St. Louis Park Police." (*Id.*) Phillips also alleges, "I had asked the polite girl/lady employee at St. Louis Park City Hall for help to file a claim for financial compensation, however the employee kindly stated 'How do you spell Hannaka?'" (*Id.*) Phillips seeks a $50,000 settlement and $7,000,000 for "loss of public stature." (*Id.*)

## ANALYSIS

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court need not accept legal conclusions or "threadbare" recitations of the elements of a cause of action that are supported by conclusory statements. *Id*. When assessing a motion to dismiss, the court is limited to considering the facts alleged in the complaint. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). Dismissal is proper when "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

### I.     Americans with Disabilities Act

To plausibly plead an ADA claim, a plaintiff must allege: "(1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or denied the benefits of the [defendant's] services, programs, or activities, or was otherwise subjected to discrimination by the [defendant]; and (3) that such exclusion, denial of benefits, or other discrimination was by reason of his disability." *Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010) (internal citation omitted).

Defendants argue that Phillips failed to plead sufficient factual allegations to plausibly state a claim under Title II of the ADA. Specifically, Defendants contend that Phillips does not allege facts that establish he has a qualified disability, he was denied

2

access to services or programs of Defendants because of his disability, or Defendants intentionally discriminated against him based on his disability. Phillips responds that his statement: "I am a Jew" shows denial of services based on religion, which constitutes a disability under the ADA.

First, Phillips does not adequately allege he has a qualified disability. While Phillips states "I am a Jew," this lone statement does not indicate he has a disability entitled to statutory protection. Merely stating one is Jewish, without more, does not establish having an ADA-qualified disability. *See e.g., Lee v. Seasons Hospice*, No. 22-cv-1593 (PJS/DJF), 2023 WL 6387794, at *8 (D. Minn. Sept. 29, 2023). Phillips fails to plead facts demonstrating he has a disability covered by the statute.

Second, Phillips offers no factual allegations showing he was denied access to services or programs because of a disability. Although Phillips argues his "I am a Jew" statement reflects denial of services based on religion, he alleges no facts connecting a denial of services to a qualified disability. His pleadings lack allegations showing he was excluded from participation in or denied benefits of Defendants' services because of a disability.

Finally, Phillips does not allege Defendants intentionally discriminated against him based on a disability. Without factual assertions of disability discrimination, Phillips cannot establish this necessary element of an ADA claim.

Phillips, therefore, fails to plead factual allegations supporting any essential element required to state an ADA discrimination claim. Because his pleadings lack factual content

3

rendering a claim plausible, dismissal is warranted. *See Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

## II.  Defamation

To state a defamation claim under Minnesota law, a plaintiff must allege that a false and defamatory statement, about the plaintiff, was published to a third party, without privilege, and that the statement harmed the plaintiff's reputation in the community. *Maethner v. Someplace Safe, Inc.*, 929 N.W.2d 868, 873 (Minn. 2019). Defendants argue Phillips fails to plead factual allegations supporting any of these elements.

Phillips contends he suffered loss of reputation and "public stature" based on alleged discrimination. However, Phillips' pleadings lack any factual allegations showing Defendants made false and defamatory statements about him, published false statements to a third party, or caused harm to his reputation, as required by *Maethner*. Phillips also claims loss of "public stature," but without pleading publication, he fails to address how this loss connects to defamatory statements by Defendants. His pleadings lack factual allegations linking reputational harm to Defendants' statements. *See Maethner*, 929 N.W.2d at 873.

Because Phillips fails to allege facts supporting the necessary elements of a defamation claim, dismissal is warranted. *Iqbal*, 566 U.S. at 678.

## III.  Additional Allegations

To adequately plead claims of intentional discrimination under the ADA or harm to reputation for defamation against a defendant, a plaintiff must allege sufficient supporting

4

factual allegations to meet basic pleading standards. *See Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678-79.

The unnamed Hennepin County employee's alleged statement that "You are not tall, I thought you would be tall," without any additional factual allegations, does not satisfy the pleading standard to impose liability on Hennepin County for intentional disability discrimination under the ADA or for harm to Phillips' reputation as required for a defamation claim.

Additionally, in response to Defendants' motions, Phillips submitted additional materials to support his claims, including a thank you note, news clippings, photographs, identification cards, a letter, and a "Hurt Feelings Report" form. However, Phillips failed to explain how these materials factually demonstrate that Defendants violated the ADA or defamed him. These submissions do not sufficiently allege grounds for claims of ADA violations or defamation against Defendants.

For these reasons, Phillips has failed to allege sufficient factual allegations to adequately plead claims against Defendants for violations of the ADA or defamation, warranting dismissal.

**IV.    Conclusion**

Both Hennepin County and the City of St. Louis Park contend that dismissal of Phillips' complaint in its entirety is warranted for failure to state a claim in which relief can be granted. Because the facts alleged do not plausibly support his ADA and defamation claims, dismissal is appropriate. *See Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678-79.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' motions to dismiss, (Dkts. 10, 15), are **GRANTED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 22, 2024

s/ Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge